**STATE of Missouri, Respondent,**

v.

**Matthew J. WASIAK, Appellant.**

**No. ED 78921.**

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 27, 2001.

Arthur S. Margulis, Henry M. Miller, Jr., Margulis, Grant & Margulis, P.C., St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, MO, for respondent.

Before JAMES R. DOWD, C.J., and PAUL J. SIMON and SHERRI B. SULLIVAN, JJ.

### ORDER

PER CURIAM.

Matthew Wasiak (defendant) appeals the judgment entered upon his conviction by a jury of one count of forcible rape in violation of Section 566.030 RSMo (2000), one count of forcible sodomy in violation of Section 566.060 RSMo (2000), and one count of deviate sexual assault in violation of Section 566.070 RSMo (2000), for which he was sentenced to ten years imprisonment each on the rape and forcible sodomy counts and seven years imprisonment on the deviate sexual assault count. The judge sentenced defendant in accordance with the jury's verdicts but suspended execution of the sentences placing him on probation for five years and ordering him to serve 120 days of shock incarceration in the Franklin County Jail, attend a sex offender's counseling program, pay restitution to victim in the amount of $5,000, avoid contact with victim, and perform 200 hours of community service; and prohibiting defendant from going to "establishments where alcohol is the primary item for sale."

On appeal, Defendant contends that the trial court erred in denying his Motion for Acquittal because the state failed to establish beyond a reasonable doubt that: (1) defendant and victim engaged in sexual intercourse or that defendant used any type of force or administered any type of substance which rendered victim physically or mentally incapable of making an in-

formed consent to sexual intercourse; (2) defendant used any type of force or administered any type of substance which rendered victim physically or mentally incapable of making an informed consent to sexual intercourse and/or sodomy; and (3) defendant engaged in deviate sexual intercourse knowing that it was without victim's consent.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. An extended opinion reciting the detailed facts and restating the principles of law applicable to this case would serve no jurisprudential value. We affirm the judgment pursuant to Rule 30.25(b).